IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff(s),<br><br><br><br>vs.<br><br><br><br>PEDRO JUAN DELACRUZ,<br><br>Defendant(s). | MEMORANDUM DECISION AND ORDER DENYING MOTION TO SEVER AS MOOT AND DENYING MOTION FOR BILL OF PARTICULARS AND MOTION TO DISIMSS INDICTMENT<br><br><br><br><br><br>Case No. 2:07-CR-572 TS |

This Matter is before the Court on three motions filed by Defendant Delacruz: (1) a Motion to Sever, filed November 20, 2008;[1] (2) a Motion for a Bill of Particulars, filed November 24, 2008;[2] and (3) a Motion to Dismiss Indictment, filed December 5, 2008.[3] The government filed responses to the Motion for a Bill of Particulars and the Motion to Dismiss Indictment, but did not file a response to the Motion to Sever.

---

[1] Docket No. 444.

[2] Docket No. 446.

[3] Docket No. 468.

1

At this time, all co-defendants currently in custody have reached plea agreements with the government and will not be proceeding to trial. Accordingly, Delacruz's Motion to Sever is moot.

Delacruz argues in his Motion for a Bill of Particulars that the government has not adequately indicated what actions taken by Delacruz indicate that he knowingly and intentionally possessed a controlled substance with the intent to distribute. Delacruz argues in his Motion to Dismiss Indictment that the undisputed facts make it impossible for the government to prove their case against Delacruz beyond a reasonable doubt.

The government argues that a Bill of Particulars is inappropriate because Delacruz has already had the opportunity to review "voluminous discovery"[4] produced by the government, and that Delacruz therefore has sufficient information to prepare a defense. The government also argues that dismissal of the Indictment is inappropriate because there is sufficient evidence for a jury to find Delacruz guilty of the crimes charged in the Indictment. For the reasons set forth below, the Court will deny the Motion for a Bill of Particulars and Motion to Dismiss Indictment.

I.  FACTUAL BACKGROUND

The following facts are taken from the Court's Memorandum Decision and Order on *James Issues*.[5] Delacruz and 25 co-defendants were charged with various crimes related to a conspiracy to distribute controlled substances (the "Conspiracy"). The government gathered information regarding the Conspiracy through the use of wiretaps conducted during an investigation into a separate investigation. Wiretaps specific to the Conspiracy were later obtained and further evidence gathered, including a number of intercepted statements by various co-defendants.

---

[4]Docket No. 473 at 1.

[5]Docket No. 355

2

Delacruz traveled to Utah in a car owned by co-defendant Sublasky. Delacruz and Sublasky arrived in Salt Lake City on August 17, 2007, and Sublasky contacted co-defendant Garcia-Ramirez by telephone. This telephone call, and other phone calls made by Sublasky, were entirely in Spanish and there is presently no evidence before the Court that Delacruz speaks Spanish. Sublasky was instructed to drive to a convenience store, where co-defendant Rios-Guerrero instructed Sublasky to follow Rios-Guerrero to another location, where the drugs were to be unloaded. There is no evidence presently before the Court that, while at that location, Delacruz ever left the car or saw any drugs being removed from the car. However, Sublasky and Delacruz were at that location for two hours before leaving. They stayed at a hotel that night and were arrested the next day, on August 18, 2007. Upon being arrested, Sublasky stated to police that Delacruz had no knowledge of any drug shipment. After the arrest, police discovered a large amount of money hidden in the car and 3.5 kilograms of heroin was discovered at the location where Sublasky and Delacruz had stopped the previous day.

## II. PROCEDURAL BACKGROUND

The Court held a *James* hearing on May 23, 2008, in order to determine the admissibility of certain co-conspirator statements obtained from the wiretap. On September 10, 2008, the Court issued its Order on the *James* issues.[6] The Court found that the government had failed to show that Delacruz knew of, and was part of, the Conspiracy.

## III. DISCUSSION

---

[6] *Id.*

A. MOTION FOR BILL OF PARTICULARS

"The grant or denial of a bill of particulars is within the trial court's discretion . . . [and] will not be disturbed absent a showing that the accused was denied information that would have more specifically defined the offense charged."[7] "A bill of particulars is not to be used to compel the government to disclose the precise manner that it believes the defendant committed the crime charged."[8] There is no evidence presently before the Court that defendant has been denied any information that would more specifically define the offense charged. Defendant has raised legitimate questions regarding the strength of the government's case. However, there is nothing to suggest that "the defendant is being denied information which would more fully define the offense charged."[9] Accordingly, the Motion for a Bill of Particulars will therefore be denied.

B. MOTION TO DISMISS INDICTMENT

Delacruz asks for dismissal on the grounds that the undisputed facts demonstrate that he did not participate in the Conspiracy. Delacruz relies heavily on the Court's Order deciding the *James* issues in this case. As noted above, the Court held that the government had failed to provide sufficient evidence that Delacruz knew of the Conspiracy and that any co-conspirator statements are inadmissable hearsay as to Delacruz. However, the Court's holding in that case was made for the sole purpose of determining the admissibility of the co-conspirator statements and does not establish, as a matter of law, that Delacruz was not part of the Conspiracy.

---

[7] *U.S. v. Evans*, 542 F.2d 805, 809 (10th Cir. 1976).

[8] *U.S. v. Bolden*, 1995 WL 783638, *6 (D. Kan. Dec. 20, 1995).

[9] *Id.*

Pretrial dismissal of an indictment is appropriate only in rare circumstances, where the Court is able to make "a determination that, *as a matter of law*, the government is incapable of proving its case beyond a reasonable doubt."[10] The Tenth Circuit cautioned that such a circumstance is "indeed the rare exception."[11] Delacruz essentially argues that the government has insufficient evidence to prove beyond a reasonable doubt that Delacruz committed the crime. A jury trial is the proper place to make such a determination. The only question properly before the Court at this time is whether the Court finds that, as a matter of law, Delacruz could not have committed the crime for which he is charged. Delacruz has failed to meet that very high standard.

### IV. CONCLUSION

It is therefore

ORDERED that Defendant's Motion to Sever (Docket No. 444) is DENIED as moot. It is further

ORDERED that Defendant's Motion for Bill of Particulars (Docket No. 446) is DENIED. It is further

ORDERED that Defendant's Motion to Dismiss Indictment (Docket No. 468) is DENIED.

DATED   January 15, 2009.

BY THE COURT:

TED STEWART
United States District Judge

---

[10] *U.S. v. Hall*, 20 F.3d 1084, 1088 (10th Cir. 1994).

[11] *Id.*